EDWARDS, Senior Circuit Judge,
concurring:
It is clear that the existence of probable cause defeats Smith’s claims of false arrest/imprisonment and malicious prosecution. In my view, the question regarding Smith’s claim of intentional infliction of emotional distress is more difficult, although I ultimately agree that we must dismiss this claim as well.
Nevertheless, there are aspects of this case that distress me, so I am stirred to write separately. The law does not always produce just results and this case may be a good example. As I see it, the incident between Smith and Officer Rogers was much ado about nothing — a needlessly absurd faceoff between a seemingly hotheaded citizen and a seemingly impetuous police officer. The citizen invariably loses in such exchanges, as Smith found out. Smith’s imprudent action gave Officer Rogers just enough to assert probable cause, and the officer acted on it.
I do not doubt that Officer Rogers was within his rights to pursue someone like Smith, who appeared to have violated the law. What is distressing here is that, although he had probable cause to arrest Smith, Officer Rogers did much more. The officer embellished and fabricated his official reports and post-arrest statements, claiming that Smith’s car brushed or grazed his leg, See JA 84, 130-32. These claims were untrue; And, of course,' as the officer had reason to know, his fabrications were included in the papers filed with the prosecutor who ultimately charged Smith. See JA 72-76. In these circumstances, it would not have been implausible for Smith to claim that, separate and apart from the events giving rise to his arrest, Officer Rogers’ dishonesty in recounting those events caused him great emotional distress.
A prosecutor is not obliged to charge a person merely because he has been arrested pursuant to probable cause. The prosecutor has discretion to weigh the evidence before her and decide whether to pursue the matter. Many factors may affect a prosecutor’s decision to press criminal charges. Therefore, in a case such as this, Smith might have reasonably claimed that Rogers’ fabrications unduly influenced the prosecutor, resulting in him being charged, and then causing him to be engaged with the criminal justice system for months before the prosecution was finally dismissed as meritless. The net result of Smith’s prolonged encounter with the criminal justice system — arguably attributable in no small part to Rogers’ fabrications — was that he lost his job and his security clear- *517 anee. Surely some might view this as enough to produce great emotional distress. In other words, given the impact that the criminal prosecution had on his life, Smith might have raised an emotional distress claim even if there was probable cause for arrest.
There are three problems with my analysis. First, the theory that I have propounded was not raised by Smith. So the issue was never joined, either at the trial court or on appeal. Second, because the issue was not properly raised, I have no grounds upon which to conclude that the prosecutor was duped by Rogers’ fabrications. In other words, there is nothing in the record to indicate that the prosecutor relied on anything other than the original reason given by Rogers to support probable cause for Smith’s arrest. Third, the standard for intentional infliction of emotional distress is very high and it, is far from clear that Smith could meet this standard even on the most generous view of my theory of emotional distress. I am therefore obliged to, concur in the judgment of the court.